# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **GREGORY M. UTTER AND CYNTHIA S. UTTER** | ) Case No. 1:08-CV-00767 )<br>) **(Judge Michael R. Barrett)** |
| **Plaintiffs,** | )<br>) **(Magistrate Timothy S. Hogan)** |
| -v- | )<br>) **PLAINTIFFS' FIRST AMENDED** |
| **THE PEACHTREE COMPANIES, INC. D/B/A PEACHTREE DOORS AND WINDOWS** | ) **COMPLAINT** )<br>) |
| **Defendant.** | ) |

Pursuant to Federal Rule of Civil Procedure 15(a) and the Court's September 22, 2009 Order, Gregory and Cynthia Utter ("Plaintiffs") hereby amend their complaint against Defendant Peachtree Companies, Inc., d/b/a Peachtree Doors and Windows ("Defendant"). Plaintiffs state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are and at all relevant times were residents of Ohio, residing at 2866 Afton Valley Court, Maineville, Ohio.

2. Defendant is a Tennessee corporation, with its principal place of business in Mosinee, Wisconsin. Defendant is in the business of manufacturing windows and doors for residential use.

3. Defendant sells its products in Ohio through authorized agents including The Dapper Company, located in Hamilton County at 10690 Loveland-Madeira Road, Loveland, Ohio.

4. Plaintiffs did in fact purchase windows and doors manufactured by Defendant through The Dapper Company.

5. This action was originally filed in state court in Hamilton County, Ohio, Court of Common Pleas. Defendant subsequently removed the action to this Court on the basis of diversity of citizenship, and thus subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

6. This Court also has jurisdiction over the subject matter of this action under Count One pursuant to 28 U.S.C. § 1331, as this is a claim under the federal Magnuson-Moss Warranty Act. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Counts Two and Three, as those claims are state law causes of action that are substantially related to the claim over which this Court has original jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiffs adopt all preceding paragraphs as if fully restated herein.

9. Plaintiffs purchased windows and doors manufactured by Defendant in March, 1991 while constructing their new home for use in that home.

10. The Peachtree windows and doors Plaintiffs purchased came with an express, written lifetime warranty, which Defendant referred to as its "Non-Stop Warranty."

11. Defendant's "Non-Stop Warranty" guaranteed that Defendant's windows and doors would be free of defects that unreasonably affect their performance, for a period as long as the Plaintiffs continued to live in the home in which those windows and doors were installed.

12. Upon information and belief, Defendant advertised this "Non-Stop Warranty" as follows:

> "All Peachtree Doors And Windows Are Guaranteed For As Long As You Own Them. In Just 14 Words, We Wrote The Longest Warranty In The Business. What does it take to offer a non-stop warranty? Confidence. Our Non-Stop Warranty covers every Peachtree entry door. Every window. Every patio door. Every sliding glass door. If we build it, we'll back it. For as long as you own it. Guaranteed. You might expect every major manufacturer to guarantee their products the way we do. But the fact is, Peachtree's Non-Stop Warranty is completely unique. Why? Maybe other manufacturers just don't have as much faith in their products as we have."

13. Defendant's authorized agent, The Dapper Co., provided the Utters with a Peachtree document that read: "Non-Stop Warranty [.] All Peachtree Doors and Windows Are Guaranteed For As Long As You Own Them."

14. The Utters purchased their Peachtree Windows and Doors in reliance on the written and verbal statements about the Non-Stop Warranty made by Peachtree and its authorized agent.

15. The Dapper Co., Defendant's authorized agent from whom the Utters purchased their Peachtree windows and doors, did not tell the Utters that they were required to "register" the warranty or undertake any other action for the Non-Stop Warranty to be effective.

16. Since 1991, on multiple occasions Defendant acknowledged its expressed warranty obligation to Plaintiffs and provided Plaintiffs replacement windows and doors pursuant to its "Non-Stop Warranty."

17. In late September 2008, Plaintiffs discovered that all windows and doors manufactured by Defendant and installed in Plaintiffs' residence were defective.

18. Due to their defective condition, the windows and doors manufactured by Defendant and installed in Plaintiffs' residence have been leaking at the miter joints of the windows and at various places around the doors.

19. On September 29, 2008, Plaintiffs informed Defendant of the discovered defects in the Peachtree windows and requested that Defendant immediately replace the defective windows under its "Non-Stop Warranty."

20. Defendant has knowledge of the defects in its Peachtree windows and doors.

21. Plaintiffs were forced to remove and replace the façade of their residence in order to uncover and repair the damage to the structure and insulation of the residence caused by Defendant's defective windows and doors.

22. On October 2, 2008, Plaintiffs reiterated their September 29, 2008 request and informed Defendant that the Peachtree doors also were defective and requested that Defendant also immediately replace the defective doors under its "Non-Stop Warranty."

23. On October 7, 2008, Defendant informed Plaintiffs that it would not honor its "Non-Stop Warranty" and would not replace the defective Peachtree doors or windows that it sold to Plaintiffs. Defendant claimed that this refusal is justified because the Utters did not submit a card registering their Non-Stop Warranty: Defendant claims the warranty is not effective without this card.

24. Defendant's claim that "All Peachtree Windows And Doors Are Guaranteed For As Long As You Own Them" is false.

25. Due to the fact that Defendant failed to honor its express warranty and refused to furnish replacements for the defective Peachtree windows and doors of Plaintiffs' residence, the façade of the residence was rebuilt around the old, defective windows and doors.

26. When the defective Peachtree windows and doors finally are replaced with non-defective windows and doors, Plaintiffs will be required to remove and then rebuild the new

façade work around the new windows and doors, incurring substantial additional costs attributable solely to Defendant's failure to honor its "Non-Stop Warranty."

27. The leaking of the windows and doors manufactured and warranted by Defendant and installed in Plaintiffs' residence also has caused significant damage to the wooden structure of Plaintiffs' residence, including wood rot and damage to the interior insulation.

## COUNT I: VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
## 15 U.S.C. § 2301

28. Plaintiffs adopt all preceding paragraphs as if fully restated herein.

29. Defendant is a "supplier" as defined in 15 U.S.C. § 2301(4) in that Defendant is engaged in the business of manufacturing windows and doors, both of which are consumer products intended to be attached to or installed in any real property. 15 U.S.C. § 2301(1).

30. Defendant's "Non-Stop Warranty" is a "written warranty" as defined in 15 U.S.C. § 2301(6) in that it is a written promise made in connection with the sale of the windows and doors.

31. Defendant violated 15 U.S.C. § 2304 because Defendant may not impose on consumers, including Plaintiffs, any duty other than notification of a defect as a condition of securing remedies under the warranty. 16 C.F.R. § 700.7(a). Defendant purportedly required consumers to mail in a registration card in order to be covered by its "Non-Stop Warranty." Such a requirement is an unreasonable duty under the Act. 16 C.F.R. § 700.7(b).

32. Plaintiffs are entitled to recover damages for Defendant's failure to abide by its warranty under the Magnuson-Moss Warranty Act, as well as attorneys' fees pursuant to 15 U.S.C. § 2310(d).

## COUNT II: VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT
## OHIO REV. CODE § 1345.02(B)(10)

33. Plaintiffs adopt all preceding paragraphs as if fully restated herein.

34. Defendant has acted deceptively in violation of Ohio Rev. Code § 1345.02(B)(10) by selling its doors and windows with the "Non-Stop Warranty," and Defendant now admits that the claims it made in connection with the warranty is false.

35. Defendant's false representation has caused Plaintiffs economic damages, and thus Plaintiffs are entitled to recover those damages pursuant to Ohio Rev. Code § 1345.09.

36. Defendant knowingly committed the false representation of its warranty, and thus Plaintiffs are entitled to attorneys' fees under Ohio Rev. Code § 1345.09(F)(2).

## COUNT III: BREACH OF CONTRACT

37. Plaintiffs adopt all preceding paragraphs as if fully restated herein.

38. Defendant expressly warranted in writing that the Peachtree windows and doors that it sold Plaintiffs in 1991 would remain free of any defects that would unreasonably affect the performance of those doors and windows for as long as the original purchaser lived in the house in which the windows and doors were installed.

39. Plaintiffs relied on the "Non-Stop Warranty" of Defendant in purchasing the Peachtree windows and doors for their home.

40. Defendant breached its "Non-Stop Warranty" by refusing to replace the defective Peachtree windows and doors it sold Plaintiffs.

41. As a direct and proximate result of Defendant's breach of its "Non-Stop Warranty," Plaintiffs are entitled to the cost of replacement of all windows and doors in Plaintiffs' home, and all costs related to removing the defective windows and doors and installing non-defective replacements.

## **RELIEF**

Plaintiffs demand judgment against Defendant in the form of an award of compensatory damages. Plaintiffs further request an award of prejudgment interest, attorneys' fees and all other relief to which Plaintiffs may be entitled.

                                                                                                 Respectfully submitted,

                                                                                                  s/Rachael A. Rowe
                                                Rachael A. Rowe (0066823)
                                                Anthony M. Verticchio (0084645)
                                                One East Fourth St.
                                                Suite 1400
                                                Cincinnati, Ohio 45202
                                                Phone: (513) 579-6486
                                                Fax: (513) 579-6457
                                                rrowe@kmklaw.com
                                                tverticchio@kmklaw.com
                                                Attorneys for Plaintiffs,
                                                Gregory M. Utter and Cynthia S. Utter

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed with the Clerk of Courts using the CM/ECF System which will send notification electronically to all counsel of record this 23rd day of September, 2009.

                                      s/Rachael A. Rowe\
                                      Rachael A. Rowe (0066823)